The **FARM CREDIT BANK OF WICHITA, KANSAS,** a fiction, U.S., Alien,

v.

**Jimmy Dale., DEVOUS, a Man for the Oklahoma state, Suitor.**

No. CIV–96–1044–A.

United States District Court, W.D. Oklahoma.

Aug. 15, 1996.

---

Donald P. Ferguson, Ferguson & Heck, Chickasha, OK, for Farm Credit Bank of Wichita.

Jimmy Dale Devous, Freedom, OK, pro se.

### ORDER

ALLEY, District Judge.

Before the Court is a motion to remand filed July 12, 1996 by The Farm Credit Bank of Wichita pursuant to 28 U.S.C. § 1447(c). This mortgage foreclosure action began in state court in September 1993 against Marquita Devous only. Other defendants were added in October 1993. Jimmy Devous became a defendant on May 15, 1996. On June 28, 1996, Mr. Devous, who appears *pro se,* filed a notice of removal bearing the above caption and invoking federal jurisdiction under 28 U.S.C. § 1332 and 1441. The bank now seeks remand on the ground that the action was previously removed by Marquita Devous in 1993 and remanded by Judge Thompson in December 1993. (*Farm Credit Bank v. Devous,* Case No. CIV–93–1837–T, Order (W.D.Okla. Dec. 17, 1993).) The bank also requests an award of costs and expenses incurred as a result of this second removal.

Mr. Devous has responded to the motion by filing a "Notice of Refusal for Fraud." In this and his initial filing, Mr. Devous informs the Court that he has declared his independence from the "Emergency New Deal United States" and declared his sovereignty. (Notice of Removal, Exhibit A at 4 (unnumbered).) As sovereign, he chooses to subject himself only to the "Christian Common Law." (Notice of Removal at 1, 2; Notice of Refusal for Fraud at 2.)

The Christian Common Law does not aid Mr. Devous. It imposes a harsh penalty on one who receives a deposit and fails to repay: the debtor "shall restore [the deposit] in full, and shall add a fifth to it, and give it to whom it belongs". Leviticus 6:5. Here, the bank's debtor has failed both to repay the bank's money and to pay the one-fifth penalty to which the bank is entitled. In addition, a third failure has occurred: "[I]f any one would sue you and take your coat, let him have your cloak as well." Matthew 5:40. The bank has not received charitable responses from the defendants in this case. Indeed, the bank's efforts to enforce its rights have now been stymied for almost three years. The bank is understandably losing patience.

Let defendants beware. As lender, the bank is master; borrowers are its slaves. Proverbs 22:7. Under biblical law, a master is entitled to six years of service from a slave, Exodus 21:1–2; as well as submission and "satisfaction in every respect...." Titus 2:9. Luckily for Mr. Devous, the bank here does not demand six years of service. It merely requests reimbursement of costs and expenses needlessly expended in counteracting his notice of removal.

The Court declines to grant the bank's request at this time. The Court will give Mr. Devous the benefit of an assumption, perhaps unjustified, that the property involved is a family farm and that the threat of foreclosure is stressful to him. The filing of a frivolous notice of removal in order to stall the process, while not to be condoned, might be an understandable reaction to such stress by a layman. As such, it does not warrant punishment, yet. Should Mr. Devous engage in continued efforts to pursue removal, however, the Court may not be so indulgent in the future.

The Court remands this action to the District Court of Woodward County, Oklahoma for numerous reasons, including the following: (1) Judge Thompson's prior order of remand cannot be collaterally attacked by

filing a second notice of removal; (2) no jurisdiction exists, Mr. Devous having pled no facts that satisfy the complete diversity or amount in controversy requirements of 28 U.S.C. § 1332 nor presented a federal question on the face of plaintiff's pleading as required by 28 U.S.C. § 1331; (3) if diversity jurisdiction were established, removal would violate the prohibition of 28 U.S.C. § 1446(b) against removing a case more than one year after it was commenced; (4) if diversity jurisdiction were established, removal would violate the proscription of 28 U.S.C. 1441(b) against removing a case in which a defendant is a citizen of the state in which the action is brought; and (5) the notice of removal does not contain a short, plain statement of the grounds for removal or copies of all process and pleadings served on Mr. Devous as required by 28 U.S.C. § 1446(a).

Accordingly, the motion to remand of plaintiff Farm Credit Bank of Wichita is GRANTED. The motion for attorney's fees, costs and expenses, included in the motion to remand, is DENIED. The case is REMANDED to the District Court of Woodward County, Oklahoma.

It is so ordered.